REUBEN E. LYON *versus* SAMUEL PARKER.

The defendant became bound by his bond, jointly and severally to A. C. and others, owners of certain mills, dam and water power, and also unto the *grantees* of either and all of them, (naming the obligees in the bond,) to complete, and keep in repair for twenty years, the dam. In an action of covenant broken, brought by a *grantee* of some of the owners, for damages for defendant's non-performance of his covenant; — *It was held,* — *That,* as the defendant was a stranger to the title, his covenant was personal; — *That,* as the plaintiff was no party to the bond when it was executed, there is no privity of contract between him and the defendant; and, there being neither privity of contract nor of estate, the action is not maintainable.

ACTION OF COVENANT BROKEN. In his writ, which is dated December 1, 1856, the plaintiff declares, in substance, that on the 4th day of April, 1849, the defendant by his deed, for a valuable consideration, received of Abner Coburn and others, (named,) owners of mills, dams and water power on Skowhegan Falls, bound and obliged himself to, and with each of the before named persons, and to and with each of the grantees of either and all of them, and therein and thereby covenanted and agreed jointly and severally with each and all of the before named persons, and with each and all of the grantees of either and all of them, that he would build a dam from, &c., and would keep the same in perfect repair for the term of twenty years.

That plaintiff afterwards became part owner, by purchase

from Abner Coburn and others, of a paper mill and of a saw mill, and of the water power aforesaid; that defendant has failed to perform his covenants, whereby the said plaintiff has been damnified.

The defendant pleaded the general issue and by brief statement set forth, — (1) that the plaintiff is not a party to the obligation declared upon; (2) that his co-tenants are not joined with him, nor, (3) are the obligees in said bond joined in said action; (4) the performance of said writing; (5) a waiver and discharge of his covenants by the obligees in said obligation before the commencement of this suit.

At the trial the plaintiff introduced, without objection, a copy of the obligation declared upon; also deeds, from some of the obligees named in the defendant's writing, conveying to plaintiff an undivided part of certain of the mills, and of the dam and water power. Whereupon the case was withdrawn from the jury to be submitted to the full Court, on REPORT of the case by TENNEY, C. J. And if, in the opinion of the Court, the action is maintainable, it is to stand for trial; otherwise, the plaintiff to become nonsuit.

*Abbott,* for plaintiff, contended : —

That *covenant broken* is the appropriate action, where the writing declared on is under seal and contains covenants and agreements. It is made in express terms "jointly and severally" with the persons named, and with "the grantees of either or all of them."

It is apparent that the contracting parties intended that any person who then was, or who might thereafter become an owner in the mills, dams or water power described in the writing, and who should sustain damage by reason of the non-performance, on the part of defendant, of any of his covenants, should be entitled to redress.

The case shows the plaintiff to be such owner, and that there was " evidence tending to prove non-performance on the part of defendant, whereby the plaintiff suffered damage.

*Coburn & Wyman,* for the defendant, contended: —

That the action could not be maintained, because, —

1. The plaintiff is not a party to the agreement declared on. There were no grantees in existence when the contract was made, and, therefore, none could have been contracted with. Agreement, *mutuality of assent* is the essential element of a contract.

2. The agreement is a chose in action, not assignable at law. The only exceptions are negotiable instruments included in the statute of Anne, and covenants running with the land. This case is not within either of the exceptions. There was no privity of estate between the covenanting parties. *Plymouth* v. *Carver,* 16 Pick. 183; *Hurd* v. *Curtis,* 19 Pick. 458. Covenants do not run with a water privilege merely. *Wheelock* v. *Thayer,* 16 Pick. 68.

3. The plaintiff shows not even an equitable interest in the agreement; no assignment. It constituted no part of his title deeds. It was not recorded; nor does it appear that plaintiff had any knowledge of its existence when he purchased. Both legally and equitably, so far as appears, he is a stranger to the contract.

4. The action should be joint — the consideration and penalty being joint. The thing to be done by defendant was one and the same for all. So the things to be done by the obligees. 1 Chitty's Plead. 8, 10; Broom on Parties, 8.

5. Tenants in common should have joined, though the covenants were several, as respects other parties. 5 Ba. Ab. 301, 303; 1 Chitty's Plead. 12, A., and note 1, and cases cited.

The plaintiff claims to maintain this action, because the agreement is made " in express terms jointly and severally with the obligees and with their grantees."

Bonds, and other non-negotiable instruments, are often made payable (in express terms) to " order," to " assigns," or " assignees," or even to " bearer," but it has never been held that, on that account, a suit could be maintained in the name of any other than the original party to the contract. *Coolidge* v.

*Ruggles*, 15 Mass. 357; *Clark* v. *King*, 2 Mass. 524; *Jones*
v. *Fales*, 4 Mass. 245; *Mathews* v. *Houghton*, 11 Maine, 377.

But the covenant on which this action is founded, is not
made "in express terms" with "the grantees." The penalty
in the bond is made payable to the "owners," and to their
"grantees," but the agreement is with the owners alone.

The dam is to be built for the benefit of the owners, under
an agreement of prior date with said owners.

*Abbott* in reply : —

The plaintiff is a party to the agreement. He is a grantee
of persons named in it. The defendant covenanted with
sundry persons, named, owners of certain mills, &c., and "the
grantees of either and all of them," * * * " of any part of
said mills," &c.

It is unnecessary that plaintiff's name should have been
inserted in the contract. That is certain, which can be made
certain. The contract is made " with the grantees of either
or all of them."

Suppose A. is about to convey his mill to B., and the de-
fendant had, for a full and satisfactory consideration received
by him, entered into an agreement or covenant " with the
grantor of A., whoever he might be," could not such grantee
maintain an action ? Would it be necessary that his name
should be inserted in the agreement ? or that the considera-
tion should have been paid by the grantor ? No case has
been cited that sustains any such doctrine. And there is a
manifest and wide distinction between this contract and any
one relied on in defendant's argument.

The answer to the position taken, that all the tenants
should have joined, is found in the contract. The defendant
contracted with them "jointly and severally." It is for the
Court to enforce the contract, not to annul or modify it.

The opinion of the Court was drawn up by

APPLETON, J. — It appears that the defendant, on April 4,
1849, by his bond of that date, " became bound and obliged

jointly and severally," to Abner Coburn and others, " owners of mills, dams and water power on Skowhegan Falls," and also " unto the *grantees* of either or all of them," (naming the obligees in the bond,) " to complete, maintain and keep in good and perfect repair, at all times, for and during twenty years from the first of April, A. D. 1849, said dam," &c., &c.

The plaintiff, as grantee of some of the obligees named in the bond, brings this action to recover damages for the injuries he has sustained by reason of the defendant's failure to perform his covenants.

It is a familiar principle of law, that a bond or contract under seal, cannot be assigned so as to enable the assignee to maintain an action in his own name. If the bond had been made to Coburn and others, and their assigns, it would not be pretended that an assignee could maintain an action on it in his own name. It does not strengthen the plaintiff's right of action because his only claim as assignee arises not from an assignment upon the bond, but by deed from some of the assignees.

The defendant is a stranger to the title. He contracts with certain individuals to do work upon a dam belonging to the obligees in the bond. The covenant is personal. There is no privity of contract between the plaintiff and the defendant, for the plaintiff was no party to the bond when it was executed.

Neither is there any privity of estate. " It is not sufficient," says Lord KENYON, in *Webb* v. *Russell*, 3 T. R., 402, " that a covenant is concerning the land, but in order make it run with the land, there must be a privity of estate between the covenanting parties." There being neither privity of contract nor of title, the action is not maintainable. *Plymouth* v. *Carver*, 16 Pick. 183; *Hurd* v. *Curtis*, 19 Pick. 458.

*Plaintiff nonsuit.*

TENNEY, C. J., RICE, CUTTING, MAY, and GOODENOW, J. J., concurred.